**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**BONIFACIA M. CARDENAS**                                                  **PLAINTIFF**

**V.**                      **CASE NO.: 4:15CV00056 BD**

**CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration**                                       **DEFENDANT**

## MEMORANDUM OPINION AND ORDER OF REMAND

Plaintiff Bonifacia M. Cardenas has appealed the final decision of the Commissioner of the Social Security Administration denying her claims for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. §§ 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, the Court has considered evidence that detracts from the Commissioner's decision as well as evidence that supports it.

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket #5)

Ms. Cardenas alleged she became limited in her ability to work by a closed head injury, nerve damage to her right leg, depression, mood swings, and insomnia. (SSA record at 48-49, 56)  Ms. Cardenas was forty-seven at the time of the hearing with a tenth grade education.  (SSA record at 23)   Her past work was as a deboner in a turkey plant.  (*Id*. at 26)

After conducting a hearing, the Administrative Law Judge ("ALJ") concluded that Ms. Cardenas had not been under a disability within the meaning of the Social Security Act.  He found that Ms. Cardenas met the insured status requirements through December 31, 2012, and had not engaged in substantial gainful activity since June 20, 2009, her alleged onset date.  (*Id*. at 11)  He found that she had severe impairments of right hip sprain and right knee sprain, but that she did not have an impairment or combination of impairments that met or equaled a Listing.  (*Id*. at 11-12)  He judged Ms. Cardenas's allegations regarding the intensity, persistence, and limiting effects of her symptoms were not entirely credible.  (*Id*. at 15)  Based on these findings, the ALJ concluded that Ms. Cardenas retained the residual functional capacity ("RFC") to perform a full range of light work, and could perform her past relevant work as a turkey deboner.  (*Id*. at 12-16)

On November 24, 2014, the Appeals Council denied the request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (*Id*. at 1-4)  Ms. Cardenas then filed her complaint initiating this appeal.  (Docket #2)

**Psychiatric Review Technique**

The ALJ found that Ms. Cardenas had the severe impairments of right hip sprain and right knee sprain. Additionally, he noted that she had the medically determinable impairment of adjustment disorder with mixed anxiety and depressed mood, chronic (provisional), but he found it was not a severe impairment. (*Id*. at 11-12, 258, 263)

Ms. Cardenas contends the ALJ erred because, when evaluating the severity of her mental impairments, the ALJ did not document application of the psychiatric review technique ("PRT") as required by 20 C.F.R. §404.1520a(a). (#13 at pp. 4-5) The Commissioner concedes the ALJ did not "explicitly state the degree of limitation he found for each functional area; however, he did state that he gave Dr. Callaghan's psychiatric review technique assessment significant weight." (#14 at p. 5 (citing *Cuthrell v. Astrue*, 702 F.3d 1114, 1117-18 (8th Cir. 2013)). The question for this Court is whether the PRT was required.

As the Eighth Circuit stated in *Cuthrell*:

An additional "special technique" (the PRT) is required in evaluating "mental impairments." 20 C.F.R. §§ 404.1520a(a); 416.920a(a). When mental impairments are present, the PRT is mandatory. *Id*. ("[W]hen we evaluate the severity of mental impairments ... we must follow a special technique at each level in the administrative review process."); *Nicola v. Astrue*, 480 F.3d 885, 887 (8th Cir.2007). The PRT must be documented in the ALJ's written decision, including the findings and conclusions based on the PRT. §§ 404.1520a(e)(4); 416.920a(e)(4).

*Cuthrell*, 702 F.3d at 1117.

Here, unlike in *Cuthrell*, there is clear evidence on the record that Ms. Cardenas suffered from mental impairments requiring the PRT. As the ALJ acknowledged, consulting examiner Robert H. Wisenser, Ph.D., diagnosed Ms. Cardenas with adjustment disorder with mixed anxiety and chronic depressed mood. (SSA record at 12, 258) State agency physician, Michael O'Callaghan, Ph.D., agreed and found that Ms. Cardenas had mild limitation in her activities of daily living; social functioning; and concentration, persistence or pace. (*Id*. at 260-70) The ALJ's mention of Dr. O'Callaghan's opinion during his RFC analysis, does not satisfy the requirements of the regulations, and, under these circumstances, it was error for the ALJ not to document use of the PRT. *Cuthrell*, 702 F.3d at 1118 (the ALJ's duty to perform the PRT is triggered at step two and is not eliminated by the ALJ's finding at step four that claimant was not credible).

**Residual Functional Capacity**

Ms. Cardenas argues the ALJ's conclusion that she has the RFC to perform a full range of light work is not supported by substantial evidence. The Court agrees.

The ALJ must determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005); *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003). Even if an impairment is found not to be severe, the ALJ is required to include the impairment when assessing RFC. SSR 96-8p.

Here, the ALJ's RFC did not address Ms. Cardenas's mental impairments when he assessed her RFC. The ALJ stated he was giving Dr. O'Callaghan's opinion "significant" weight, but then he neither discussed Dr. O'Callaghan's findings that Ms. Cardenas had mild limitations in activities of daily living; social functioning; and concentration, persistence or pace; nor did he modify her RFC in any way to account for the limitations found by Dr. O'Callaghan. The ALJ erred by not explaining why the functional limitation portion of Dr. O'Callaghan's opinion was rejected.

Further, in concluding that Ms. Cardenas had the RFC to perform a full range of light work, the ALJ did not address the opinion of Enrique Linan, M.D., who performed a consultative orthopedic examination of Ms. Cardenas and concluded that she could perform, "sedentary activities" but "should avoid heavy lifting, squatting down or stair climbing." (SSA record at 243) While the ALJ acknowledged Ms. Cardenas's orthopedic consultation with Dr. Linan, he did not address Dr. Linan's opinion regarding her limitations or state his reasons for rejecting the opinion. This was error. See 20 C.F.R. §§ 404.1527, 416.927.

Finally, the ALJ's rejection of Bernard Crowell, M.D., Ph.D.'s opinion is not supported by substantial evidence. Dr. Crowell, who also performed an orthopedic consultative examination of Ms. Cardenas, found, upon examination, that Ms. Cardenas's gait and stance were abnormal; she could not squat; and she experienced tenderness to palpation of the paraspinal muscles and right medial knee. The ALJ discredited Dr.

Crowell's opinion based on the opinion of a psychiatrist who performed a consultative psychiatric exam of Ms. Cardenas and noted she did not observe any gait or postural abnormalities and the notes of an agency employee who interviewed Ms. Cardenas while taking her application and did not indicate that Ms. Cardenas had difficulties standing, walking, or sitting.

The ALJ did not address the fact that Dr. Crowell's findings were remarkably consistent with the findings of Dr. Linan.  Dr. Linan's report notes that, on examination, Ms. Cardenas was uncomfortable because of pain in her right hip and leg; flexion, extension, and abduction were limited; pinprick sensation was decreased on the right; she had difficulty squatting; and her gait was mildly antalgic.  (SSA record at 242)  The ALJ's rejection of Dr. Crowell's opinion was not supported by substantial evidence. *Willcockson v. Astrue*, 540 F.3d 878, 880 (8th Cir. 2008) (the opinions of non-examining sources are generally, but not always, given less weight than those of examining sources)(citing 20 C.F.R. § 404.1527(d)(1)).

The ALJ's determination that Ms. Cardenas maintained the RFC to perform a full range of light work is not supported by substantial evidence in the record.

**Conclusion**

After considering the record as a whole, the Court concludes the ALJ's failure to document use of the PRT when evaluating the severity of Ms. Cardenas's mental impairments was error, and the decision of the Commissioner is not supported by

substantial evidence.  The Commissioner's decision is reversed and remanded for action consistent with this opinion.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

      DATED this 11th day of September, 2015.

                                _____
                                UNITED STATES MAGISTRATE JUDGE